## TREPAGNIER *vs.* WILLIAMS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Where the judgement of the court admits of two constructions, that will be adopted which the court should have rendered on the facts and law of the case.

The facts are stated in the opinion of the court delivered by PORTER, J.

The petitioner complains that in a case where he was third possessor of property on which the defendant had a mortgage, he abandoned the property to him, and that it was sold for his benefit. But that notwithstanding this abandonment, the defendant pretends he has obtained a personal judgement against the petitioner, and under this false pretext, has taken out a *fieri facias*, which he is about to execute on his property. He prays the execution may be enjoined.

The defendant, by his answer, insisted he had a valid judgement against the plaintiff, but the court below thought otherwise and made the injunction perpetual.

EASTERN DIS.
*June,* 1832.

TREPAGNIER
*vs.*
WILLIAMS.

The obligations of the defendant were merely those of a holder of property subject to mortgage, and there was no pretence to make him personally responsible. The judge who tried the cause, seemed to be of that opinion, and yet the manner in which his decree is drawn up affords some countenance to the claim of the defendant. It is in these words: "the plaintiff has proved the signature of the drawer and endorser of the note sued on; has exhibited the act of mortgage, and a judgement against the mortgager. This entitles him to judgement against the third possessor. It is therefore, ordered, that D. C. Williams do recover of the defendant Trepagnier, the sum of ten thousand dollars, with interest until paid, and costs of suit, and that the mortgaged property be sold to satisfy the same."

Where the judgement of the court admits of two constructions, that will be adopted which the court should have rendered on the facts and law of the case.

It is our duty, in interpreting this judgement, to take the whole together, and not make the rights of the parties depend on one clause of it. Viewed in this way, we think there cannot be a doubt of the intention of the court by which the decree was made. It is expressly stated the plaintiff is entitled to judgement against the defendant as third possessor, and this conclusion we see, from an examination of the record, is in consonance with the facts proved in the case. The subsequent part of the decree, that the plaintiff should recover from the defendant, the sum of ten thousand dollars, to be paid by a sale of the mortgaged premises, it is true, admits of two constructions: the one, that the defendant is to be personally responsible for the debt; the other, that the sale of the property hypothecated should satisfy the judgement. If the facts in the case authorized the first conclusion, the language of the decree would justify the court in adopting it. But as they do not, the other would be preferred, even if we were without the declaration of the judge that the defendant was responsible as third possessor. Coupled, however, with that declaration, the inference appears to us irresistible, that it was not intended to make the defendant personally responsible.

And so, we think, the plaintiff in that suit understood, for a long time, the decree. The judgement was rendered in

December, 1824. In May, 1825, the third possessor finding several persons to have conflicting claims on the mortgaged property, abandoned and surrendered it. Upon which, the plaintiff accepted the abandonment and filed a petition that a curator might be appointed to take charge of the premises and have them sold according to law. If he understood then, that he had a judgement personally against the defendant, we do not see whence he derived the idea that he was compelled to discuss property which was in litigation.

On the whole, we have no doubt on the case; and we feel constrained to add, that we see with regret in the whole proceeding, an attempt to take advantage of an inaccuracy in rendering a judgement, in order to wrest from the defendant a sum of ten thousand dollars, for which he never received one cent of consideration, contrary to the evident intention of the decree, and in manifest violation of justice and equity.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed with costs.

*Hennen* and *Barton*, for appellant.    *Grymes*, for appellee.